IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHALMER BITSOI and GLORIA
BITSOI,

    Plaintiffs,

v.                                           Cause No. 1:19-CV-1199 – GJF-LF

NEW MEXICO DEPARTMENT OF
TRANSPORTATION, an agency of the
State of New Mexico, OSCAR RENDA
CONTRACTING, INC., a foreign
company, and SOUTHLAND HOLDINGS,
LLC, a foreign company,

    Defendants.

**DEFENDANT SOUTHLAND HOLDING LLC'S MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION**

Defendant Southland Holdings, LLC ("Southland"), by and through its counsel, Allen, Shepherd, Lewis & Syra, P.A., hereby submits its Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Fed. R. Civ. P. 12 (b)(2). Pursuant to LR-CV 7.1, counsel for Southland sought Plaintiffs' concurrence to this Motion, which was denied. In support of its Motion, Southland states as follows:

**I.    INTRODUCTION**

Southland, a Texas holding company with no employees, offices or agents in New Mexico, played no role in this matter and is not subject to the personal jurisdiction of this court. Southland's only apparent connection to this lawsuit is that it is the indirect parent company of Defendant Oscar Renda Contracting, Inc. ("Oscar Renda"), a corporation that was awarded a construction contract to complete the Navajo-Gallup Water Supply Project. Southland, however, does not transact business in New Mexico and does not otherwise have

minimum contacts with New Mexico. To assert personal jurisdiction over Southland Holdings in this matter merely on the grounds that it has an indirect ownership interest in its subsidiary, Defendant Oscar Renda, would offend traditional notions of fair play and substantial justice because Southland does not have minimum contacts with New Mexico. This Court should therefore dismiss Plaintiffs' claims against Southland for lack of personal jurisdiction.

## II.     STATEMENT OF FACTS

Plaintiffs seek to hold Southland liable for various claims arising out of acts allegedly conducted by Oscar Renda and its employees. *See generally* Complaint. Plaintiffs allege that "Southland Holdings exercised sufficient control over Defendant Oscar Renda to be held vicariously liable for the actions of its subsidiary." *Id.* ¶ 6. Plaintiffs also allege that Southland has "common officers, directors, and agents" and that Southland finances, sets policies and procedures, shares office space, and controls management and operations of Oscar Renda. *Id.*

In fact, Southland does not directly own Defendant Oscar Renda. Instead, there is a separate corporate entity in the ownership chain between Southland and Defendant Oscar Renda. Southland is a holding company that does not transact business in New Mexico. *See* Affidavit of Jarrod Watson, attached as **Exhibit A**. Southland did not hire or employ the employees of Oscar Renda, including Richard Chischilly, nor was Mr. Chischilly an agent or servant of Southland. *Id.* Further, Southland has no employees or offices in New Mexico, nor does Southland transact business in New Mexico. *Id.* Southland is not registered to do business in New Mexico, has not appointed an agent for service of process in New Mexico, and has no real property in New Mexico.

### III.    ARGUMENT AND AUTHORITIES

**A. Southland is not subject to personal jurisdiction in New Mexico.**

The plaintiff bears the burden of demonstrating that personal jurisdiction exists when it is challenged, and the plaintiff must show that an exercise of personal jurisdiction would not violate the requirements of due process. *See Wens v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995); *Overton v. United States*, 925, F.2d 1282, 1283 (10th Cir. 1991). If a defendant, by affidavit or otherwise, demonstrates evidence suggesting that there is no personal jurisdiction, the plaintiff must show that there is sufficient evidence to create a genuine dispute of material fact on the issue. *See Doe. V. Nat'l Med. Serv's.*, 974 F.2d 143, 145 (10th Cir. 1992).

Federal courts must satisfy both state law and federal due process to assert personal jurisdiction over a nonresident defendant. *See Doering v. Copper Mountain, Inc.* 259 F. 3d 1202, 1209-10 (10th Cir. 2001). New Mexico's long-arm statute allows New Mexico courts to exercise personal jurisdiction over non-residents. *See* NMSA 1978, § 38-1-16. The statute states that "[a]ny person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state. . . ." *Id*. Acts enumerated in the long-arm statute include the transaction of business in New Mexico. *See* NMSA 1978, § 38-1-16 (A)(1).

To exercise jurisdiction over a non-resident defendant, New Mexico's courts require that: (1) the defendant's conduct involves one of the acts enumerated in the long-arm statute; (2) the plaintiff's claim arises from the enumerated act; and (3) the defendant has minimum contacts in New Mexico that satisfies due process. *Santa Fe Techs. v. Argus Networks, Inc.*, 2002-NMCA-030, ¶ 13, 131 N.M. 772. The first and third factors of this test have been substituted with the due process standard of "minimum contacts," and therefore "the necessity of

a technical determination of whether the non-resident committed an act enumerated by the long-arm statute has evaporated." *Id.*; *see also Tercero v. Roman Catholic Diocese of Norwich, Conn.*, 2002- NMSC-018, ¶ 8, 132 N.M. 312 (stating that whether the defendant committed an act enumerated in the long-arm statute merges with the analysis regarding whether defendant's activities constitute minimum contacts that is sufficient to satisfy due process).

The constitutional limits for a court to exercise personal jurisdiction over a defendant require that the defendant have sufficient minimum contacts with the forum state so as to not violate traditional concepts of fair play and substantial justice. *Id.* ¶ 7 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)). "A defendant will be found to have sufficient minimum contacts, satisfying due process, where the defendant has a connection with the forum state and has acted in the state in such a manner that they 'should reasonably anticipate being haled into court there.'" *Id.* (quoting *World-Wide Volkswagen Corp v. Woodson*, 444 U.S. 286, 297 (1980)).

Further, personal jurisdiction may be either general or specific. *Bristol-Myers, Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1779-80 (2017) (citing *Goodyear Dunlop Tires Operation, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). In cases where the defendant is a corporation, such as Southland Holdings, general jurisdiction requires a foreign corporation's affiliations with a state to be "'so continuous and systematic' as to render [the corporation] essentially at home in the forum State.'" *Daimler AG v. Bauman*, 134 S.Ct. 758, 749 (quoting *Goodyear*, 131 S.Ct. at 2851). For corporations, the bases for general jurisdiction are "the place of incorporation and principal place of business," because they are "unique," "easily ascertainable," and "afford plaintiffs recourse to at least one clear and certain forum in which a corporate defendant may be sued on any and all claims." *Id.* at 760 (quotations omitted). On the other hand, for a court to exercise specific jurisdiction "'the suit'

must aris[e] out of or relate to the defendant's contacts with the forum.'" *Bristol-Myers*, 137 S. Ct. at 1780 (quoting *Daimler*, 134 S.Ct. at 754 (alterations omitted)).

Here, Plaintiffs cannot establish that general or specific personal jurisdiction exists over Southland because Southland is not "at home" in New Mexico, nor does Southland have minimum contacts with New Mexico.

### B. General personal jurisdiction does not exist over Southland.

Here, Plaintiffs cannot demonstrate that this court has general personal jurisdiction over Southland. Southland is incorporated in Texas and its principal place of business is in Texas. Further, Southland does not have any offices or employees in New Mexico. *See* Affidavit of Jarrod Watson, attached as **Exhibit A**. Southland's indirect ownership of Defendant Oscar Renda is not enough to establish minimum contacts for purposes of personal jurisdiction.

In New Mexico, it is recognized that a parent-subsidiary relationship is not sufficient to establish general personal jurisdiction. A shareholder is generally not liable for the acts of a corporation. *Scott v. AZL Resources, Inc.*, 1988-NMSC-028, ¶ 6, 107 N.M. 118. "The general rule is that judicial jurisdiction over a subsidiary corporation does not of itself give a state judicial jurisdiction over the parent corporation" even in situations where all of a subsidiary's stock is owned by a parent corporation. *Weisler v. Cmty. Health Sys.*, No. 12-0079 MC/CG, 2012 WL 4498918, at * 11 (D. N.M. Sep. 27, 2017) (citing Restatement (Second) of Conflicts of Law § 52 cmt. B (1971) (internal citation and quotation marks omitted). Therefore, the general rule is that "the mere relationship of parent corporation and subsidiary corporation is not in itself a sufficient basis for subjecting both to the jurisdiction of the forum state, where one is a nonresident and is not otherwise present or doing business in the forum state." *Alto Eldorado Partnership v. Amrep*, 2005-NMCA-131, ¶ 32 (quoting *Smith v. Halliburton Co.*, 1994-NMCA-055, ¶ 8, 118 N.M. 179); *see also Jemez Agency v. Cigna Corp.*, 866 F. Supp. 1340

(D.N.M. 1994) (parent corporation was not subject to the court's jurisdiction although it owned subsidiaries which operated in New Mexico but had no offices or employees in New Mexico).

In this case, Southland's only relationship to this lawsuit is its indirect ownership of Defendant Oscar Renda. However, Southland does not have continuous and systematic contacts in New Mexico because it is a Texas corporation with its principal place of business in Texas. Further, Southland does not have any employees, offices, places of business in New Mexico. *See* Affidavit of Jarrod Watson, attached as **Exhibit A**. To find that personal jurisdiction exists over Southland based solely on its parent-subsidiary relationship with Defendant Oscar Renda would offend the constitutional limits of due process. Therefore, there simply are no continuous and systematic contacts to support an exercise of general jurisdiction over Southland.

**C. Specific personal jurisdiction does not exist over Southland.**

The Tenth Circuit has held that the minimum contacts test for specific jurisdiction encompasses two requirements: (i) that the defendant must have "purposefully directed its activities at residents of the forum state," and (ii) that "the plaintiff's injuries must arise out of [the] defendant's forum-related activities." *Old Republic Ins. Co. v. Continental Motors, Inc.*, 877 F. 3d 895, 904 (10th Cir. 2017) (citing *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011). The Supreme Court has held that a "defendant's general connections with the forum are not enough" to establish specific jurisdiction. *Bristol-Myers*, 137 S.Ct. at 1781. The minimum contacts required to create specific jurisdiction must "arise out of" or "relate to" contacts that the defendant creates with the forum. *Walden v. Fiore*, 134 S.Ct. 1115, 1121-21 (2014). Therefore, the plaintiff cannot be the only link between the defendant and the forum in order to establish jurisdiction. *See id.*

Here, Southland's only contacts with New Mexico is its status as a parent of a corporation that did business in New Mexico. However, this contact does not relate to Plaintiffs'

cause of action. Generally, a defendant that does not conduct business in New Mexico is not found to have sufficient minimum contacts with New Mexico. *See Tercero*, 2002-NMSC-018, ¶ 8; *See also Sanchez v. Church of Scientology of Orange County*, 1993-NMSC-034, ¶ 12 (holding that the church did not have minimum contacts in New Mexico because it did not conduct business in New Mexico). Southland does not transact business in New Mexico. *See* Affidavit of Jarrod Watson, attached as **Exhibit A**. Southland is a Texas corporation that is not registered to do business in New Mexico. Southland does not have offices, places of business, real property, or employees in New Mexico. Additionally, Southland's role as Defendant Oscar Renda's parent holding company is not related to Plaintiffs' cause of action for personal injuries and damages. Southland did not hire or employ Richard Chischilly, nor is Mr. Chischilly an agent or servant of Southland.

## IV.   CONCLUSION

Plaintiff cannot establish facts supporting either general jurisdiction or specific jurisdiction over Southland. General jurisdiction is unavailable because Southland is not incorporated in New Mexico, does not have its principal place of business in New Mexico, and does not have continuous and systematic contacts in New Mexico. Specific jurisdiction is not available because Plaintiffs' claims do not arise of Southland's contacts or activities within New Mexico. For these reasons, this Court should dismiss Plaintiffs' claims against Southland.

WHEREFORE, Defendant Southland Holdings, LLC respectfully requests that the Court grant this Motion pursuant to Fed. R. Civ. P. 12 (b)(2), dismiss Plaintiffs' claims asserted against Southland, with prejudice, and grant such further relief the Court deems just and proper.

Respectfully Submitted,

**ALLEN, SHEPHERD, LEWIS & SYRA, P.A.**

By: */s/ Ranime R. Oueis*
    Aaron R. Kugler
    Ranime R. Oueis
    P.O. Box 94750
    Albuquerque, New Mexico 87199
    (505) 341-0110
    akugler@allenlawnm.com
    roueis@allenlawnm.com
    *Attorneys for Defendant Oscar Renda*
    *Contracting, Inc.*

I HEREBY CERTIFY that on the 27th day of December, 2019, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Zackeree S. Kelin, Esq.    zkelin@daviskelin.com
Gina Downes, Esq.    gdownes@daviskelin.com
Davis Kelin Law Firm, LLC

*/s/ Ranime R. Oueis*
Ranime R. Oueis